Beatrice R. CLEAVES, Administratrix of the Estate of Wesley A. Cleaves, Deceased,

v.

Samuel D. ROBINSON
and
Philadelphia Transportation Company, Appellant,

No. 12092.

United States Court of Appeals
Third Circuit.

Argued Feb. 18, 1957.

Decided March 4, 1957.

H. Francis DeLone, Philadelphia, Pa. (Norma L. Shapiro, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellant.

Bernard M. Borish, Philadelphia, Pa. (Anthony S. Minisi, Philadelphia, Pa., Wolf, Block, Schorr, and Solis-Cohen, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

The defendant Philadelphia Transportation Company has appealed from a judgment entered on a verdict against it in the District Court for the Eastern District of Pennsylvania in a suit for the wrongful death of the plaintiff's decedent. The first count of the complaint sought recovery on behalf of the decedent's children under the Pennsylvania wrongful death statute, 12 P.S.Pa. § 1601 et seq., and the second count on behalf of the decedent's estate under the

148

Pennsylvania survival statute, 20 P.S.Pa. § 320.601 et seq. The jury rendered a verdict on both claims against this defendant and Samuel D. Robinson who was also named as a defendant but this defendant alone appealed.

The decedent was injured by being hit in sequence by an automobile and a street car and died within 24 hours thereafter. The accident took place on Eastwick Avenue in southwest Philadelphia on a rainy evening. The decedent, who was walking north across Eastwick Avenue at its intersection with 80th Street, was struck by Robinson's automobile which was proceeding east, and was thrown onto the westbound street car tracks on Eastwick Avenue. While lying there parallel with the tracks and with his head to the east a westbound street car of the defendant company ran into him and when it halted he was found to be lying diagonally under the front of the street car with his head under the tripgate of the car's fender and his feet protruding out from under the front steps of the car.

The defendant company contends on this appeal that there was no proof of its negligence or that the decedent's fatal injuries were caused by its street car rather than by Robinson's automobile. Our examination of the record satisfies us that there is no merit in either contention. There was evidence from which the jury could have found that the street car was at least a block away when the decedent was thrown on the tracks ahead of it and that the motorman either did not keep a proper lookout for objects on the track ahead or was operating his car with such speed on this rainy night that he could not stop it within the assured clear distance ahead. In either case he would have been guilty of negligence. Likewise there was evidence from which the jury could have found that the street car hit and dragged the decedent some distance, causing the fractured skull and subdural hemorrhage from which he died.

The judgment of the district court will be affirmed.